No. 26-3780

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Oct 2, 2026
KELLY L. STEPHENS, Clerk

In re: OPTUMRX, INC., et al., )
) ORDER
Petitioners. )

Before: BOGGS, GRIFFIN, and DAVIS, Circuit Judges.

Eighteen pharmacy benefit managers (PBMs) affiliated with either OptumRx, Inc.[1] or Express Scripts, Inc.[2] petition for a writ of mandamus vacating the district court's order granting approximately 800 plaintiffs leave to amend their complaints to add claims against the petitioners in this prescription-opioid MDL. United States District Judge Dan A. Polster and the Plaintiffs' Executive Committee (PEC) oppose the petition. The PBMs move for leave to reply and several proposed amici[3] seek leave to file briefs in support of the petition. We grant those motions. For the reasons below, we also grant the petition.

In 2017, the United States Judicial Panel on Multidistrict Litigation transferred sixty-four actions, filed in seven states, to the Northern District of Ohio for centralized pretrial management. Nearly ten years later, the MDL encompasses more than 1,000 lawsuits brought by government subdivisions, schools, Indian tribes, hospitals, and individuals nationwide. They alleged that drug manufacturers, distributors, pharmacies, health insurance companies, government regulators, and

---

[1] OptumRx, Inc., UnitedHealth Group Inc., Optum, Inc., OptumInsight, Inc., OptumInsight Life Sciences, Inc., OptumRx Discount Card Services, LLC, Optum Perks, LLC, OptumHealth Care Solutions, LLC, OptumHealth Holdings, LLC, and Optum Health Networks, Inc.
[2] Express Scripts, Inc., Express Scripts Administrators, LLC, Medco Health Solutions, Inc., ESI Mail Order Processing, Inc., ESI Mail Pharmacy Service, Inc., Express Scripts Pharmacy, Inc., Evernorth Health, Inc., and Express Scripts Specialty Distribution Services, Inc.
[3] The Buckeye Institute, the Chamber of Commerce of the United States of America, the Ohio Chamber of Commerce, the Pharmaceutical Care Management Association, and Lawyers for Civil Justice.

others engaged in misconduct that led to widespread overprescribing and abuse of addictive opioids.

In April 2024, the PEC moved on behalf of more than 1,000 MDL plaintiffs for leave to amend their complaints to add new claims against the PBMs—almost two years after the scheduling order's deadline. To avoid a burdensome review of hundreds of proposed amended complaints, the district court permitted the PEC to file omnibus motions that incorporated by reference the claims raised in the bellwether case *City of Rochester v. Purdue Pharma, L.P.*, No. 19-op-45853 (N.D. Ohio). After reviewing those motions, the district court found good cause to modify the case management plan and granted approximately 800 plaintiffs leave to amend.

The PBMs now seek a writ of mandamus instructing the district court to vacate its order granting leave, arguing that the court ignored the requirements of Federal Rules of Civil Procedure 15 and 16. To obtain a writ of mandamus, three conditions must be satisfied. The petitioner must "(1) have no other adequate means of obtaining relief, (2) demonstrate a right to issuance that is clear and indisputable, and (3) show that issuance of the writ is appropriate under the circumstances." *In re United States*, 32 F.4th 584, 590 (6th Cir. 2022) (citation modified). Where, as here, mandamus petitioners challenge the district court's discretionary action, they must identify a "clear abuse of discretion or a judicial usurpation of power." *Id.* Ultimately, mandamus "should be invoked only in extraordinary cases." *United States v. Gomez-Gomez*, 643 F.3d 463, 471 (6th Cir. 2011) (citation modified). This is such a case.

Federal Rule of Civil Procedure 16(b)(4) prohibits modifications to the case management order unless the movant shows good cause. We have defined good cause to mean that "despite [the movant's] diligence[,] they could not meet the original deadline." *In re Nat'l Prescription Opiate Litig.*, 956 F.3d 838, 843 (6th Cir. 2020) (quoting *Leary v. Daeschner*, 349 F.3d 888, 907 (6th Cir. 2003)). That inquiry turns on when the movant became "aware of the basis of the claim," including "the underlying facts and the varying types of relief available." *Leary*, 349 F.3d at 908 (citation modified). Without assessing each moving plaintiff's knowledge, the district court broadly concluded that no movant was aware of the claims until January 2023, when documents

produced in *Jefferson County v. Williams*, Case No. 20JE-CC00029 (Mo. Cir. Ct. filed Jan. 16, 2020), were added to the MDL repository. (*See* R. 6553, PageID 711238, n.19). The PBMs argue that many plaintiffs knew the underlying facts long before the deadline to amend, noting that some sued the PBMs as early as 2018.

Here, the district court clearly abused its discretion under Rule 16 by finding good cause to allow plaintiffs to file belated amended complaints without examining *each* plaintiff's awareness of their claims against the PBMs or their diligence in pursuing those claims. *In re Nat'l Prescription Opiate Litig.*, 956 F.3d at 845 ("[A] district court's decision whether to grant a" belated "motion to amend in an individual case depends on the record in that case and not others."). Our precedent forecloses that approach. *Id.*

Moreover, the PBMs have no adequate alternative remedy. The PEC suggests that the PBMs could seek reconsideration or ask the district court to certify an interlocutory appeal under 28 U.S.C. § 1292(b). For that proposition, they cite our unpublished order in *In re OptumRx, Inc.*, No. 24-3396, 2024 U.S. App. LEXIS 26695 (6th Cir. Oct. 22, 2024) (order). This argument does not persuade.

Although theoretically available, those remedies here are "more 'illusory' than adequate" and therefore do not foreclose mandamus relief. *In re Levang*, 154 F.4th 444, 451 (6th Cir. 2025). Despite surely being aware of our precedent requiring individualized Rule 16 inquiries, and despite the PBMs' challenge to each plaintiff's diligence in pursuing their claims, the district court did not conduct that inquiry. This ruling plainly shows that seeking reconsideration or a "permissive interlocutory appeal" on the same grounds would "have been futile," rendering them inadequate alternatives to mandamus relief. *Id.* (quoting *In re Chimenti*, 79 F.3d 534, 539–40 (6th Cir. 1996)).

In this way, the unpublished order cited by the PEC is inapposite. That order addressed a mandamus petition concerning a motion to recuse an attorney. *In re OptumRx, Inc.*, 2024 U.S. App. LEXIS 26695, *2–3. There, unlike here, it was not plain that pursuing reconsideration or a permissive interlocutory appeal would be futile, and we found no clear abuse of discretion in any event. *Id.*

Likewise, the district court violated Rule 15. Rule 15(a)(2) directs courts to freely allow pre-trial amendments to pleadings "when justice so requires." Courts consider several factors when determining whether to grant an amendment, but whether the amendment gives the opposing party notice is "critical." *Wade v. Knoxville Utils. Bd.*, 259 F.3d 452, 458–59 (6th Cir. 2001) (quoting *Head v. Jellico Hous. Auth.,* 870 F.2d 1117, 1123 (6th Cir. 1989)). And "[n]ormally, a party seeking an amendment should attach a copy of the amended complaint." *Kuyat v. BioMimetic Therapeutics, Inc.*, 747 F.3d 435, 444 (6th Cir. 2014). That is because "the court must have before it the substance of the proposed amendment." *Beydoun v. Sessions*, 871 F.3d 459, 469 (6th Cir. 2017) (quoting *Roskam Baking Co. v. Lanham Machinery Co.*, 288 F.3d 895, 906 (6th Cir. 2002)).

The district court concluded that the PBMs and the court were "sufficiently informed of the substance of the operative claims and allegations" by combining the factual allegations in the *City of Rochester* complaint with the allegations in each plaintiff's existing complaint. (R. 6428, PageID 707429). Thus, to determine the substance of any plaintiff's proposed amendment, the court reasoned, one need only "stitch together" the allegations against the PBMs in *City of Rochester* with whatever allegations appeared in that plaintiff's operative complaint. (*Id*. at PageID 707425, 707428-29, 707430 nn.8 & 9).

The district court's notice-in-the-aggregate approach is not enough under Rule 15. As we have explained before, "every case in an MDL . . . retains its individual character." *In re Nat'l Prescription Opiate Litig.*, 956 F.3d at 841. The district court's notice approach may promote efficiency, but efficiency cannot replace the individualized inquiry that Rule 15 requires. *Id.* Still, we need not grant mandamus on this ground. The PBMs may have adequate alternative remedies for the Rule 15 violation, and the district court's independent violation of Rule 16 is sufficient to warrant mandamus.

The PBMs' motion for leave to reply and the motions for leave to file amicus briefs are **GRANTED**. The petition for a writ of mandamus is **GRANTED**, the district court's order granting leave to amend is **VACATED**, and the district court is **DIRECTED** to conduct an individualized diligence analysis under Rule 16.

ENTERED BY ORDER OF THE COURT

Kelly L. Stephens

Kelly L. Stephens, Clerk